UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARREN FRENCH, also known as Daren French,

                              Plaintiff,           9:24-CV-0523
                                                         (GTS/MJK)
        v.

J. MONTGOMERY, et al.,
                              Defendants.
_____

APPEARANCES:

DARREN FRENCH
Plaintiff, pro se
19-A-3870
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Pro se plaintiff Darren French ("plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. No. 8 ("IFP Application").

      In a Decision and Order filed on August 30, 2024 (the "August Order"), the Court reviewed plaintiff's complaint for sufficiency in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 9. On the basis of that review, the Court accepted plaintiff's complaint for filing with respect to the Eighth Amendment claims asserted against defendants Correctional Officer J. Montgomery, Sgt. Extrand, Correctional Officer John Doe #1, and

Correctional Officer John Doe #2.  *Id.*  The remaining claims were dismissed, without prejudice, for failure to state a claim upon which relief could be granted.  *See id.*  Plaintiff was directed to provide copies of his complaint in order for the United States Marshal Service ("USMS") to effectuate service of process on Montgomery and Extrand.[1]  *Id*.

On September 10, 2024, in lieu of providing the documents for service, plaintiff filed a motion to reconsider the August Order.  Dkt. No. 12.

## II. DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id*.; *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' ").  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—

---

[1] With respect to the Doe defendants, the Court noted that service of process could not be effected on plaintiff's excessive force claims asserted against corrections officers whose names are not known to plaintiff unless and until the individual(s) has been identified by name.  Plaintiff was advised that, if he wished to pursue his claims against defendant Does, he must take reasonable steps to ascertain through discovery the identity of the individuals and properly amend his pleading.  Dkt. No. 9 at 9, n.4.  To date, plaintiff has not identified the Doe defendants.

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

Here, plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. In sum, plaintiff has not made any showing that reconsideration of the August Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi,* No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").

In light of plaintiff's pro se status, the Court affords plaintiff an extension of time to comply with the August Order. Plaintiff must, within thirty (30) days of the filing date of this Decision and Order, provide copies of his complaint for the USMS to effect service upon the named defendants.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that plaintiff shall, within thirty (30) days of the date of this Decision and Order, comply with the August Order; and it is further

3

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: September 20, 2024
       Syracuse, New York

*Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge