UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARREN FRENCH, also known as Daren French,

                Plaintiff,         9:24-CV-0523
                                      (GTS/MJK)
     v.

J. MONTGOMERY, et al.,
                Defendants.

---

APPEARANCES:

DARREN FRENCH
Plaintiff, pro se
19-A-3870
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Darren French ("plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. No. 8 ("IFP Application").

In a Decision and Order filed on August 30, 2024 (the "August Order"), the Court reviewed plaintiff's complaint for sufficiency in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 9. On the basis of that review, the Court accepted plaintiff's complaint for filing with respect to the Eighth Amendment claims asserted against defendants Correctional Officer J. Montgomery ("Montgomery"), Sgt. Extrand ("Extrand"), Correctional

Officer John Doe #1, and Correctional Officer John Doe #2. *Id.* The remaining claims were dismissed, without prejudice, for failure to state a claim upon which relief could be granted. *See id.* Plaintiff was directed to provide copies of his complaint in order for the United States Marshal Service ("USMS") to effectuate service of process on Montgomery and Extrand.[1] *Id*.

On September 10, 2024, in lieu of providing the documents for service, plaintiff filed a motion to reconsider the August Order. Dkt. No. 12. In a Decision and Order filed on September 20, 2024 (the "September Order"), the Court denied the motion and gave plaintiff the opportunity to comply with the August Order. Dkt. No. 13. The Court directed plaintiff to provide copies of his complaint for the USMS to effect service upon the named defendants within thirty (30) days of the filing date of the September Order. *Id*.

On September 23, 2024, plaintiff filed a motion for a *Valentin* Order and a second motion to reconsider the August Order.[2] Dkt. Nos. 14 and 15.

## II. DISCUSSION

### A. Motion for *Valentin* Order

Plaintiff moves for the Court's assistance in identifying the Doe defendants. *See* Dkt. No. 14. In light of plaintiff's pro se status, the Court construes the submission as a request for a *Valentin* Order.

"It is not uncommon for a pro se plaintiff to include a 'John Doe' or other unknown defendants, together with named defendants in a complaint." *Reed v. Doe No. 1*, No. 9:11-

---

[1] With respect to the Doe defendants, the Court noted that service of process could not be effected on plaintiff's excessive force claims asserted against corrections officers whose names are not known to plaintiff unless and until the individual(s) has been identified by name. Plaintiff was advised that, if he wished to pursue his claims against defendant Does, he must take reasonable steps to ascertain through discovery the identity of the individuals and properly amend his pleading. Dkt. No. 9 at 9, n.4. To date, plaintiff has not identified the Doe defendants.

[2] With the motion for a *Valentin* Order, plaintiff provided the documents for service. Dkt. No. 14. On October 11, 2024, summonses were issued to defendants Montgomery and Extrand. Dkt. No. 16.

CV-0250 (TJM/DEP), 2012 WL 4486086, at *9 (N.D.N.Y. July 26, 2012). "Generally, when a pro se plaintiff includes Doe defendants with named defendants, the complaint is served upon the named defendants, and the plaintiff pursues discovery to identify the Doe defendant." *Reed v Doe No. 1,* No. 9:11-CV-0250 (TJM/DEP), 2013 WL 5441503, at *8 (N.D.N.Y. Sept. 27, 2013) (citing *Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005)). A pro se litigant is entitled to assistance from the district court in identifying defendants, especially when plaintiff is incarcerated and "may pursue any course that it deems appropriate to a further inquiry into the identity" of unknown defendants. *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).

In this instance, plaintiff has identified two defendants, Montgomery and Extrand, and summonses have been issued to defendants. Dkt. No. 16. At this juncture, plaintiff must proceed with discovery with the defendants to ascertain the identities of the Doe defendants. Upon learning the identity of a Doe defendant, plaintiff must amend his complaint to properly name him or her as a defendant. Thus, plaintiff's motion is denied, with leave to renew, if plaintiff fails to learn the identity of any Doe defendant during discovery.

### B.  Second Motion to Reconsider

The law related to motions to reconsider was discussed in the August Order and will not be restated herein. *See* Dkt. No. 13. The Local Rules of Practice for the Northern District of New York generally require that motions for reconsideration be filed "no later than FOURTEEN DAYS after the entry of the challenged judgment, order, or decree." N.D.N.Y.L.R. 60.1. The August Order was entered on August 30, 2024. Dkt. No. 9. The second motion for reconsideration is dated September 23, 2024 and, is therefore untimely. Even if the motion for reconsideration were timely, plaintiff has presented no basis upon

3

which the Court could reconsider the August Order.  Therefore, plaintiff's second motion for reconsideration of the August Order is denied.

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a *Valentin* Order (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that plaintiff's second motion for reconsideration (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice**.**

Dated: October 18, 2024

Glenn T. Suddaby
U.S. District Judge