UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARREN FRENCH, also known as Daren French,

                Plaintiff,        9:24-CV-0523
                                         (GTS/MJK)
   v.

J. MONTGOMERY, et al.,
                Defendants.

---

APPEARANCES:

DARREN FRENCH
Plaintiff, pro se
19-A-3870
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Darren French ("plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), Dkt. No. 8 ("IFP Application").

In a Decision and Order filed on August 30, 2024 (the "August Order"), the Court reviewed plaintiff's complaint for sufficiency in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 9. On the basis of that review, the Court accepted plaintiff's complaint for filing with respect to the Eighth Amendment claims asserted against defendants Correctional Officer J. Montgomery ("Montgomery"), Sgt. Extrand ("Extrand"), Correctional

Officer John Doe #1, and Correctional Officer John Doe #2. *Id.* The remaining claims were dismissed, without prejudice, for failure to state a claim upon which relief could be granted. *See id.* Plaintiff was directed to provide copies of his complaint in order for the United States Marshal Service ("USMS") to effectuate service of process on Montgomery and Extrand.[1] *Id*.

On September 10, 2024, in lieu of providing the documents for service, plaintiff filed a motion to reconsider the August Order. Dkt. No. 12. In a Decision and Order filed on September 20, 2024 (the "September Order"), the Court denied the motion and gave plaintiff the opportunity to comply with the August Order. Dkt. No. 13. The Court directed plaintiff to provide copies of his complaint for the USMS to effect service upon the named defendants within thirty (30) days of the filing date of the September Order. *Id*.

On September 23, 2024, plaintiff filed a motion for a *Valentin* Order and a second motion to reconsider the August Order.[2] Dkt. Nos. 14 and 15. In a Decision and Order filed on October 18, 2024 (the "October Order"), the Court denied plaintiff's motions. Dkt. No. 19.

Presently before the Court is plaintiff's motion for recusal, a change of venue, and plaintiff's third motion for reconsideration of the August Order. Dkt. No. 18. For the reasons set forth below, the motions are denied.

## II.   DISCUSSION

### A.   Motion to Recuse

---

[1] With respect to the Doe defendants, the Court noted that service of process could not be effected on plaintiff's excessive force claims asserted against corrections officers whose names are not known to plaintiff unless and until the individual(s) has been identified by name. Plaintiff was advised that, if he wished to pursue his claims against defendant Does, he must take reasonable steps to ascertain through discovery the identity of the individuals and properly amend his pleading. Dkt. No. 9 at 9, n.4. To date, plaintiff has not identified the Doe defendants.

[2] With the motion for a *Valentin* Order, plaintiff provided the documents for service. Dkt. No. 14. On October 11, 2024, summonses were issued to defendants Montgomery and Extrand. Dkt. No. 16.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Under Section 144, a judge may be required to recuse himself based on "personal bias or prejudice against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Generally, Section 455 warrants recusal "in any proceeding in which [a judge's] impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or where a judge has "a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes. *Jemzura v. Publ. Serv. Comm'n,* 961 F. Supp. 406, 410 (N.D.N.Y. 1997) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

A party may request that a judge be recused from a case, and another substituted in his stead by filing an affidavit stating "the facts and the reasons for the belief that bias, or prejudice exists[.]" 28 U.S.C. § 144. Whether an appearance of impartiality exists is an objective question "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). The Supreme Court has emphasized that, where grounds for recusal are comprised of "judicial rulings [and] routine trial administration efforts," recusal is not warranted absent proof that those rulings either rely upon knowledge acquired outside such proceedings or "display deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994); *see also Kampfer v. Gokey*, 955 F.Supp. 167, 170 (N.D.N.Y. 1997). Recognizing the importance of considerations such as "the cost in judicial resources of recusal and reassignment of the case to different judges, and the interest of the parties and the public in a swift resolution of [a] dispute," the Second Circuit has cautioned that "[a] judge is as much obliged not to recuse himself when it is not called for

3

as he is obliged to when it is." *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).

In support of his motion, plaintiff accuses the Court of "taking prejudicial adverse actions that are not in plaintiff's nor the best interest of justice." Dkt. No. 18 at 2-3. There are no allegations in the motion supporting plaintiff's belief that the Court is biased against him or that there is any other basis for recusal. Indeed, plaintiff has not presented any objectively reliable facts even suggesting that this Court has not been impartial. Without more, plaintiff's motion is without merit. *See, e.g., Kampfer*, 955 F.Supp. at 170 (denying motion for recusal because the "[p]laintiffs have made conclusory claims of bias without adequate supporting factual allegations"). This Court has no personal bias towards plaintiff or interest in this litigation. Although plaintiff clearly disagrees with this Court's rulings in this action, that disapproval alone does not "constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555.

### B. Motion for Change of Venue

Section 1404(a) of Title 28 of the United States Code authorizes "a district court '[f]or convenience of the parties and witnesses, in the interests of justice' to move venue to any other district or division where the suit might have been brought." *Mills v. Beech Aircraft Corp. Inc.*, 886 F.2d 758, 761 (5th Cir.1989) (quoting 28 U.S.C. Section 1404(a) (1982)). The transfer statute is designed to prevent waste of resources and to protect litigants, witnesses, and the public from unnecessary inconvenience or expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." R*escuecom Corp. v. Chumley,* 522 F.Supp.2d 429, 448–49 (N.D.N.Y. 2007) (internal quotation marks omitted).  In analyzing a motion to transfer venue under section 1404(a), a court should consider (1) the weight to be given the plaintiff's choice of forum; (2) the relative means of the parties; (3) the convenience of the witnesses; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the location of the relevant documents and the relative ease of access to those sources of proof; (7) the convenience of the parties; (8) the comparative familiarity of each district with the governing law; and (9) judicial efficiency and the interests of justice.  *See Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs.,* Inc., No. 07–CV–1191, 2008 WL 4890377, *1 (N.D.N.Y. Nov. 12, 2008) (quoting *Rescuecom Corp.*, 522 F.Supp.2d at 449).  The decision to transfer venue is entrusted to the sound discretion of the trial court, s*ee Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir. 1989) (citations omitted); and the party seeking transfer bears the burden of proof, *see Rescuecom Corp.*, 522 F.Supp.2d at 449.

In his motion, plaintiff "request[s] a change of venue[.]"[3]  Dkt. No. 18 at 2.  In this case, all defendants are officers at Coxsackie Correctional Facility, which is in the Northern District. The events transpired in the Northern District and all documents and witnesses are in the Northern District.  There is no indication that any conduct occurred in any other District.  It would be highly inconvenient to transfer this case to a district that is totally unrelated to the action.  Accordingly, plaintiff's motion to change venue is denied.

---

[3] Plaintiff does not designate where plaintiff seeks to transfer the case.

5

### C. Third Motion to Reconsider

The law related to motions to reconsider was discussed in the September and October Orders and will not be restated herein. *See* Dkt. Nos. 13, 19. For the reasons set forth in the Court's Orders, plaintiff's third motion for reconsideration of the August Order is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for recusal (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for a change of venue (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's third motion for reconsideration (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice**.**

Dated: November 15, 2024

Glenn T. Suddaby
U.S. District Judge